# EXHIBIT A

# Supreme Court of Pennsylvania
## Court of Common Pleas
### Civil Cover Sheet

_____ County

| For Prothonotary Use Only: | |
|---|---|
| Docket No: | TIME STAMP |
| 538-2020 | 3cc Attny |

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

## SECTION A

**Commencement of Action:**
- ☒ Complaint
- ☐ Writ of Summons
- ☐ Transfer from Another Jurisdiction
- ☐ Petition
- ☐ Declaration of Taking

Lead Plaintiff's Name:
Cheryl Ciccone

Lead Defendant's Name:
Progressive Specialty Insurance Company and Progress

**Are money damages requested?** ☒ Yes   ☐ No

Dollar Amount Requested:
(check one)
- ☐ within arbitration limits
- ☒ outside arbitration limits

**Is this a *Class Action Suit*?** ☒ Yes   ☐ No

**Is this an *MDJ Appeal*?** ☐ Yes   ☒ No

Name of Plaintiff/Appellant's Attorney: Charles Kannebecker

☐ Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)

## SECTION B

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your **PRIMARY CASE.** If you are making more than one type of claim, check the one that you consider most important.

**TORT** *(do not include Mass Tort)*
- ☐ Intentional
- ☐ Malicious Prosecution
- ☐ Motor Vehicle
- ☐ Nuisance
- ☐ Premises Liability
- ☐ Product Liability *(does not include mass tort)*
- ☐ Slander/Libel/ Defamation
- ☐ Other:

**MASS TORT**
- ☐ Asbestos
- ☐ Tobacco
- ☐ Toxic Tort - DES
- ☐ Toxic Tort - Implant
- ☐ Toxic Waste
- ☐ Other:

**PROFESSIONAL LIABLITY**
- ☐ Dental
- ☐ Legal
- ☐ Medical
- ☐ Other Professional:

**CONTRACT** *(do not include Judgments)*
- ☐ Buyer Plaintiff
- ☐ Debt Collection: Credit Card
- ☐ Debt Collection: Other

- ☐ Employment Dispute: Discrimination
- ☐ Employment Dispute: Other

- ☒ Other: insurance.

**REAL PROPERTY**
- ☐ Ejectment
- ☐ Eminent Domain/Condemnation
- ☐ Ground Rent
- ☐ Landlord/Tenant Dispute
- ☐ Mortgage Foreclosure: Residential
- ☐ Mortgage Foreclosure: Commercial
- ☐ Partition
- ☐ Quiet Title
- ☐ Other:

**CIVIL APPEALS**
Administrative Agencies
- ☐ Board of Assessment
- ☐ Board of Elections
- ☐ Dept. of Transportation
- ☐ Statutory Appeal: Other

- ☐ Zoning Board
- ☐ Other:

**MISCELLANEOUS**
- ☐ Common Law/Statutory Arbitration
- ☐ Declaratory Judgment
- ☐ Mandamus
- ☐ Non-Domestic Relations Restraining Order
- ☐ Quo Warranto
- ☐ Replevin
- ☐ Other:

*Updated 1/1/2011*

IN THE COURT OF COMMON PLEAS
OF PIKE COUNTY, PENNSYLVANIA

CHERYL CICCONE, individually   :
and on behalf of all others   :
similarly situated,   :
   :
     Plaintiffs,   :   NO.: 538 - 2020
   :
     vs.   :   JURY TRIAL DEMANDED
   :
PROGRESSIVE SPECIALTY INSURANCE   :
COMPANY and PROGRESSIVE   :
INSURANCE COMPANY   :
   :
     Defendants.   :
::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

*[Stamp: ENTERED FOR RECORD — PIKE COUNTY, PA — 2020 MAY 18 AM 2:51 — OFFICE OF PROTHONOTARY CLERK OF COURTS]*

## NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED OR NO FEE.

Pike County Commissioners
506 Broad Street
Milford, Pennsylvania 18337
(570) 296-7744

IN THE COURT OF COMMON PLEAS
OF PIKE COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| CHERYL CICCONE, individually and on behalf of all others similarly situated, | : : : | |
| Plaintiffs, | : : | NO.: 538 - 2020 |
| vs. | : : | JURY TRIAL DEMANDED |
| PROGRESSIVE SPECIALTY INSURANCE COMPANY and PROGRESSIVE INSURANCE COMPANY | : : : : | |
| Defendants. | : : | |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

### CLASS ACTION COMPLAINT

Plaintiff, Cheryl Ciccone, individually and on behalf of all other persons similarly situated, by and through her counsel, THE LAW OFFICE OF CHARLES KANNEBECKER, allege the following for their class action complaint against the Defendants.

### INTRODUCTION

1. Plaintiffs, individually, and as class representative for all similarly situated individuals, are insureds covered by auto insurance policies issued by Defendants Progressive Specialty Insurance Company and Progressive Insurance Company in Pennsylvania and in accordance with Pennsylvania law which provide medical benefit coverage in the event that an insured suffers injuries as a result of a motor vehicle accident.

2. Plaintiffs, individually, and as class representative for all similarly situated individuals, suffered injuries as a result

of a motor vehicle accident.

3. Plaintiff sought and underwent medical treatment for those injuries.

4. Defendants did not pay Plaintiffs' medical billing for those injuries.

5. Defendants ordered Plaintiff to submit to an insurance physical exam without showing good cause to a Court, and without Court Order directing Plaintiffs to submit to an insurance physical exam.

6. Defendants also refused to pay Plaintiff's medical benefits until the improper insurance physical exam was completed, even though there was no Court Order compelling Plaintiffs to submit to an insurance physical exam or good cause having been shown by Defendants for Plaintiffs to submit to an insurance physical exam.

7. As a consequence, the Plaintiffs, and other members of the class they seek to represent, are entitled to judgment ordering Defendants to pay the medical billing which Defendants have not paid and to recover from the Defendants their damages, penalties, punitive damages, attorney fees, interest, costs, and other such other and further relief as this Court may deem just and proper.

## PARTIES

8. Plaintiff, Cheryl Ciccone, is an adult individual, sui juris.

9. Defendant Progressive Specialty Insurance Company is a corporation duly authorized and licensed to issue insurance policies and conduct business in the Commonwealth of Pennsylvania.

10. Defendant Progressive Insurance Company is a corporation duly authorized and licensed to issue insurance policies and conduct business in the Commonwealth of Pennsylvania.

## JURISDICTION AND VENUE

11. This court has personal jurisdiction over Defendant Progressive Specialty Insurance Company in this action as Defendant Progressive Specialty Insurance Company sought and received authority to conduct business in the Commonwealth of Pennsylvania and has continuous and systemic contacts with the Commonwealth of Pennsylvania in that Defendant conducts business and has substantial sales in the Commonwealth of Pennsylvania.

12. This court has personal jurisdiction over Defendant Progressive Insurance Company in this action as Defendant Progressive Specialty Insurance Company sought and received authority to conduct business in the Commonwealth of Pennsylvania and has continuous and systemic contacts with the Commonwealth of Pennsylvania in that Defendant conducts business and has substantial sales in the Commonwealth of Pennsylvania.

13. The Commonwealth of Pennsylvania has specific jurisdiction over the Defendants as the cause of action herein arises out of Defendants' forum-related activities in having sold the insurance policies in the Commonwealth of Pennsylvania.

14. Venue is proper in Pike County and this Court in that the Defendants have continuous and systemic contacts with the County of Pike in that Defendants regularly conduct business in the County of Pike.

## FACTUAL BACKGROUND

15. At all times relevant hereto, Plaintiff, Cheryl Ciccone, was insured under a policy of auto insurance issued by Defendants in and under the laws of the Commonwealth of Pennsylvania.

16. On November 13, 2017, Plaintiff Cheryl Ciccone was involved in a motor vehicle accident within the Commonwealth of Pennsylvania in which she sustained numerous physical injuries.

17. Plaintiff Cheryl Ciccone was treated by medical providers for the injuries which she sustained in the November 13, 2017, motor vehicle accident.

18. Defendants, however, refused to accord benefits to the Plaintiff.

19. On September 11, 2018, Defendants issued a letter concerning the Plaintiff's medical benefits.

20. In that letter of September 11, 2018, Defendants directed Cheryl Ciccone to submit to a medical benefits physical examination.

21. On April 9, 2019, Defendants denied Plaintiff's claim for benefits because of her purported failure to attend the medical examination demanded by Defendants.

22. Defendants did not demonstrate "good cause" to a Court in order to secure a Court Order compelling Cheryl Ciccone's submission to a physical examination.

23. Defendants did not demonstrate "good cause" to any court at all.

24. In fact, Defendants did not even petition a court to compel the physical examination of Plaintiff.

25. Consequently, there was no Court Order based on good cause directing Plaintiff to submit to a physical exam.

26. Consequently, there was no Court Order directing Plaintiff to submit to a physical exam at all.

27. Further, Plaintiff has not failed to comply with any Court Order to submit to physical examination.

28. Instead, Defendants failed to comply with law and ordered Plaintiff to submit to an insurance physical exam without showing good cause to a Court and without Court Order.

29. Defendants also refused to pay Plaintiff's medical benefits until the improper insurance physical exam was completed even though Defendants did not secure a Court Order compelling Plaintiff to submit to insurance physical exams and Plaintiff did not fail to comply with a Court Order to submit to insurance physical exams.

30. Defendants' conduct to unilaterally command physical exams of insureds, to not demonstrate good cause for physical exams to a court, and to refuse benefits even absent any lack of compliance with a court order, is a company-wide policy and procedure for Defendants.

31. Defendants' conduct to unilaterally command physical exams of insureds, to not demonstrate good cause for physical exams to a court, and to refuse benefits even absent any lack of compliance with a court order is authorized and approved by company management for Defendants.

32. Defendants' conduct to unilaterally command unlawful physical exams of insureds based on policy terms, to not demonstrate good cause for physical exams to a court, to refuse benefits even absent any lack of compliance with a court order or based on illegal exam is part of a systemic plan to avoid paying medical benefits to its insureds with the goal and purpose of reducing the amount that Defendants had to pay in benefits for its own gain and advantage.

33. Defendants repeatedly asserted that the Plaintiff insureds were legally required to submit to insurance physical exams unilaterally commanded by Defendants based on policy terms and that the Defendants was permitted to refuse to pay medical benefits until the improper physical exam was completed.

34. Defendants, through their conduct, actively, affirmatively and systematically asserted to the Plaintiff

insureds that she was required to submit to insurance physical exams unilaterally commanded by Defendants based on policy terms and that the Defendants were permitted to refuse to pay medical benefits until the improper physical exam was completed.

35. Defendants, through their conduct, actively and systemically refused payment of medical billing owing to or on behalf of its insureds.

36. Defendants, through their conduct, actively and systematically breached the agreements with Plaintiff and members of the Insured Class by improperly demanding that Plaintiff and members of the Insured Class attend medical exams with examiners selected by the Defendants premised upon purported policy requirements and then denying benefits for failure to attend or by denying benefits based upon an illegal medical exam.

37. Defendants' actions were pursuant to a common policy and practice with respect to the Plaintiff and as to all other class members.

38. As a result of Defendants' conduct, Plaintiff, individually and as class representative for all similarly situated individuals, suffered harm in that they owe money for medical billing that Defendants refused to pay.

39. As a result of Defendants' conduct, Plaintiff, individually and as class representative for all similarly situated individuals, suffered harm in that they were denied medical benefits or lost access to medical care.

40. Defendants' actions as aforesaid were done purposefully and intentionally with the consent and approval of Defendants' management.

41. Plaintiff seeks class wide determinations as to Plaintiff Cheryl Ciccone and all others similarly situated.

### STATUTORY PROVISIONS

42. The present matter arises under Pennsylvania Motor Vehicle Financial Responsibility Law 75 P.A.C.S.A. § 1796 (hereinafter PMVFRL).

43. Pennsylvania Motor Vehicle Financial Responsibility Law 75 P.A.C.S.A. § 1796 provides in relevant part as follows:

**§ 1796. Mental or physical examination of person.**

(a) General rule.--Whenever the mental or physical condition of a person is material to any claim for medical, income loss or catastrophic loss benefits, a court of competent jurisdiction or the administrator of the Catastrophic Loss Trust Fund for catastrophic loss claims may order the person to submit to a mental or physical examination by a physician. The order may <u>only</u> be made upon motion for good cause shown. The order shall give the person to be examined adequate notice of the time and date of the examination and shall state the manner, conditions and scope of the examination and the physician by whom it is to be performed. If a person fails to comply with an order to be examined, the court or the administrator may order that the person be denied benefits until compliance.

44. Pursuant to Pennsylvania Motor Vehicle Financial Responsibility Law §1796, whenever the physical condition is material to any claim for medical benefits, a Court of competent jurisdiction may order a person to submit to a physical examination. That Order may only be made for good cause shown and the benefits may be denied only if the person fails to comply with that Court Order.

45. As a result of its actions, Defendants violated 75 P.A.C.S.A. § 1796 in that:

a) Defendants did not demonstrate "good cause" to a Court in order to secure a Court Order compelling Cheryl Ciccone's submission to a physical examination;

b) Defendants did not demonstrate "good cause" to any court at all;

c) Defendants did not petition a court at all to compel the physical examination of Cheryl Ciccone;

d) As a consequence, there was no Court order based on good cause directing Plaintiffs to submit to a physical exam;

e) As a consequence, there was no court order directing Plaintiff to submit to a physical exam at all;

f) As a consequence, Plaintiffs had not failed to comply with any court order to submit to physical examination;

g) Defendants also refused to pay medical benefits until the improper insurance physical exam was consummated even though there was no court order compelling Plaintiffs to submit to insurance physical exams or lack compliance with court orders to submit insurance physical exams.

46. Defendants' actions to unilaterally command physical exams of insureds, to not demonstrate good cause for physical exam to a court, and to refuse benefits even absent any lack of compliance with a court order are in violation of law as a result.

**CLASS ACTION ALLEGATIONS**

A.   **DEFINITION OF THE CLASS**

47. The plaintiff, Cheryl Ciccone, brings this action individually and on behalf of a class of similarly situated persons as a class action pursuant to the Pennsylvania Rules of Civil Procedure on behalf the classes defined as:

   a.   All persons who suffered harm and damages as a result of defendants' illegal actions relative to medical exams of insureds in violation of law;

   b.   All persons injured in motor vehicle accidents and insured under Pennsylvania auto insurance policies issued by Defendants that provided for medical benefits coverage whom Defendants required or directed to submit to insurance physical exams without Court order directing the person to submit to physical exams;

   c.   All persons injured in motor vehicle accidents and insured under Pennsylvania auto insurance policies issued by Defendants that provided for medical benefits coverage to whom Defendants stated that it would not pay medical billing until the improper insurance physical exam was completed even though there was no court order compelling the person to submit to an insurance physical exam or lack compliance with a court order to submit an insurance physical exam;

   d.   All persons injured in motor vehicle accidents and insured under Pennsylvania auto insurance policies issued by Defendants that provided for medical benefits coverage whom Defendants required or

directed to submit to insurance physical exams without Court order compelling the person to submit to physical exams and as to whom Defendants did not pay benefits based on the person's failure to attend the physical exam;

e.  All persons injured in motor vehicle accidents and insured under Pennsylvania auto insurance policies issued by Defendants that provided for medical benefits coverage whom Defendants subjected to its aforementioned procedure and as to whom it did not then pay medical benefits based on the exam.

## B.   NUMEROSITY

48. The Class is so numerous as to render joinder of all members impracticable. The identities of a majority of the Class members are presently unknown but are ascertainable through appropriate discovery. Plaintiff reasonably believes that there are hundreds of members in the proposed Class. Members of the Class may be identified from records maintained by Defendants and may be notified of the pendency of this action by mail, or the internet, or publication using the form of notice similar to that customarily used in class actions.

## C.   TYPICALITY

49. Plaintiff's claims are typical of the claims of other members of the Class. All such claims arise out of the Defendants' same wrongful course of conduct in violation of the same statute. Plaintiff and the proposed Class members have suffered a common injury arising out of the Defendants' common course of conduct as alleged herein.

D.   **EXISTENCE AND PREDOMINANCE OF COMMON ISSUES**

50. Common questions of law and fact are applicable to all members of the Class and predominate over any questions that might solely affect individual members of the class.

51. The common questions of law and fact arise from and concern the following facts, actions and issues:

a.   All Class members are insured through automobile insurance policies issued by Defendants under and subject to the laws of the Commonwealth of Pennsylvania;

b.   All class members sought medical benefits under the automobile policies issued by Defendants;

c.   Defendants unilaterally directed all members of the class to submit to physical examination without Court order requiring the Plaintiffs to submit to physical exams;

d.   Defendants refused payment of medical billings for all members of the class for the same reason and on the same basis;

e.   Defendants' actions as to all members of the class are alleged to have violated the same law (75 P.A.C.S.A. §1796); and

f.   Defendants violated 75 P.A.C.S.A. §1796 through its practices and procedures of demanding physical exams without Court Order and refusing benefits where there is no lack of compliance with any Court Order.

52. The questions of law and fact common to the members of the Class, as above noted, predominate over any questions affecting only individual members, and thus, this class action is

superior to other available methods for the fair and efficient
adjudication of this controversy.

E.   **SUPERIORITY**

53. A class action is superior to other available methods
for a fair and efficient adjudication of this controversy because
individual joinder of all members of the Class is impractical.
Furthermore, damages suffered by members of the Class may be
relatively small when compared to the expense and burden of
individual litigation, which would make it difficult or
impossible for individual members of the Class to obtain relief.
The interests of judicial economy favor adjudicating the claims
of the Class on a classwide basis rather than an individual
basis. There will be no difficulty in the management of this
action as a class action.

F.   **ADEQUATE REPRESENTATION**

54. Plaintiff will fairly and adequately protect and
represent the interests of the Class and have no interest
antagonistic to, or in conflict with, those of other Class
members.

55. Plaintiff is willing and prepared to serve the proposed
Class in a representative capacity with all the obligations and
duties material herein.

56. Plaintiff has the time and resources to prosecute this
action and has retained qualified counsel who have had experience

in matters involving the rights of insureds and both state and federal court litigation. Plaintiff intends to prosecute this action for the benefit of the Class.

## G. RISKS OF INCONSISTENT OR VARYING ADJUDICATION

57. Class treatment is proper in this proceeding in order to avoid inconsistent or varying adjudications with respect to individual Class members. Separate actions by individual members of the Class would create a risk that adjudication of disputed issues of law or fact as to some of the former non-bargaining unit employees would be binding upon other Class members not parties to the adjudication, or would otherwise substantially impair or impede their ability to protect their interests.

58. The Class meets all the requirements for class certification as prescribed by the Pennsylvania Rules of Civil Procedure.

## COUNT I

### DECLARATORY JUDGMENT

59. Plaintiff, Cheryl Ciccone, individually and on behalf of a Class of Similarly Situated Persons, repeats and re-alleges the allegations of the preceding paragraphs as if fully restated herein.

60. Pennsylvania Motor Vehicle Financial Responsibility Law §1796 provides in relevant part that whenever the physical condition is material to any claim for medical benefits, a Court

of competent jurisdiction may order a person to submit to a physical examination, that the Order may only be made for good cause shown, and that the benefits may be denied only if the person fails to comply with that Court Order.

61. Defendants violated 75 Pa.C.S.A. § 1796 in that:

a)   Defendants did not demonstrate "good cause" to a Court in order to secure a Court Order compelling Cheryl Ciccone's submission to a physical examination;

b)   Defendants did not demonstrate "good cause" to any court at all;

c)   Defendants did not petition a court at all to compel the physical examination of Cheryl Ciccone;

d)   As a consequence, there was no Court order based on good cause directing Plaintiff to submit to a physical exam;

e)   As a consequence, there was no court order directing Plaintiff to submit to a physical exam at all;

f)   As a consequence, Plaintiff has not failed to comply with any court order to submit to physical examination;

g)   Defendants also refused to pay medical benefits until the improper insurance physical exam was completed even though there was no court order compelling Plaintiffs to submit to insurance physical exams or lack compliance with court orders to submit insurance physical exams.

62. Defendants' actions to unilaterally command physical exams of insureds, to not demonstrate good cause for physical exams to a court, and to refuse benefits even absent any lack of compliance with a court order are in violation of law as a result.

63. Accordingly, Plaintiff, Cheryl Ciccone, individually and on behalf of a Class of Similarly Situated Persons, are entitled to a Declaratory Judgment declaring that:

a)  Defendants must comply with Pennsylvania Motor Vehicle Financial Responsibility Law 75 P.A.C.S.A. §1796;

b)  That whenever the mental or physical condition of an insured is material to any claim for medical benefits, Defendants must Motion a Court of competent jurisdiction for an Order directing the insured to submit to a mental or physical examination;

c)  That any such motion must be for good cause shown;

d)  That only if a person fails to comply with an order by the Court to be examined, that the Court may order that the person be denied benefits until compliance.

e)  That Defendants be prohibited from enforcing, or attempting to enforce, any policy terms which state, or purport to authorize, Defendants to demand Plaintiff to attend a physical exam without having demonstrated good cause to a court and without having secured a Court Order compelling Plaintiff's attendance at a physical exam;

f)  That Defendants remove from all of its Pennsylvania automobile policies any policy terms which state, or purport to authorize, Defendants to demand Plaintiff to attend a physical exam without having demonstrated good cause to a court and without having secured a Court Order compelling Plaintiff's attendance at a physical exam;

g)  That Defendants notify all of its Pennsylvania automobile insureds that its policy terms which state, or purport to authorize, Defendants to demand Plaintiff to attend a physical exam without having demonstrated good cause to a court and without having secured a Court Order compelling Plaintiff's attendance at a physical exam are void and unlawful;

h)  That Defendants notify all of its Pennsylvania automobile insureds of the Pennsylvania Supreme Court's decision in *Sayles v. Allstate Ins. Co.*;

i)   That Defendants notify all of its Pennsylvania
     automobile insureds of Justice Baer's concurring
     opinion in *Sayles v. Allstate Ins. Co.*, specifically
     wherein he states that there is an "unsettling trend
     among automobile insurance companies to attempt to
     circumvent clear statutory language through contrary
     policy provisions" and that "the insurance industry
     should be more circumspect when it is tempted to
     'adjust' provisions of the MVFRL to its benefit
     notwithstanding contrary statutory provisions.";

j)   That Defendants notify all of its Pennsylvania
     automobile insureds that it attempted to, and in many
     cases actually did, circumvent clear statutory language
     by enforcing its IME policy provision in order to deny
     its own insureds the benefits for which they pay;

k)   That Defendants notify all of its Pennsylvania
     automobile insureds that it gave into its temptation to
     unilaterally "adjust" the provisions of the
     Pennsylvania MVFRL, enacted to protect its insureds, by
     inserting into its policy the IME provision, designed
     solely to benefit itself at the expense of its
     insureds, and enforcing said provision against its
     insureds;

l)   That Defendants notify all of its Pennsylvania
     automobile insureds that its IME policy provision
     violated Pennsylvania law and was false and deceiving;

m)   That Defendants notify all of its Pennsylvania
     automobile insureds that it knew its IME policy
     provision violated the plain language of Pennsylvania
     law, but demanded its insureds submit to medical exams
     anyways;

n)   That Defendants is legally liable for the damages
     caused by Defendants' improper actions relative to
     medical exams of insureds in violation of law.

## COUNT II

### BREACH OF CONTRACT

64.   Plaintiff, Cheryl Ciccone, individually and on behalf

of a Class of Similarly Situated Persons, repeats and re-alleges

the allegations of the preceding paragraphs as if fully restated

herein.

65. That at all times relevant hereto, the Plaintiff and members of the Insured Class had motor vehicle insurance policies with Defendants that contractually obligated Defendants to provide PIP medical benefits to Insured Plaintiff and members of the Insured Class for injuries sustained from motor vehicle accidents.

66. That the policy of insurance issued by the Defendants to the Plaintiffs was to provide medical coverage to the Plaintiffs in the event that the Plaintiffs suffered injury as a result of an auto accident.

67. That Plaintiff Ciccone suffered damages, incurred medical costs and sustained injuries that necessitated medical treatment as a result of an auto accident.

68. That Defendants, in accordance with its obligations under the aforesaid policy and in accordance with Pennsylvania law, was obligated to provide medical benefits to the Plaintiffs.

69. That despite demand, the Defendants refused to provide coverage in accordance with its obligations under the subject policy of insurance and in accordance with Pennsylvania law.

70. As set forth herein, Defendants systematically breached the agreements with Plaintiff and members of the Insured Class by improperly demanding that Plaintiff and members of the Insured Class attend medical exams with examiners selected by the Defendants premised upon purported policy requirements and then

denying benefits for failure to attend or by denying benefits based upon an illegal medical exam.

71. That as a result of the Defendants' breach, the plaintiff and members of the Insured Class suffered losses including, but not limited to, unpaid medical billing.

## COUNT III

### CLAIMS FOR VIOLATIONS OF 75 Pa.C.S.A. §1796

72. Plaintiff, Cheryl Ciccone, individually and on behalf of a Class of Similarly Situated Persons, repeats and re-alleges the allegations of the preceding paragraphs as if fully restated herein.

73. Pennsylvania Motor Vehicle Financial Responsibility Law §1796 provides in relevant part that whenever the physical condition is material to any claim for medical benefits, a Court of competent jurisdiction may order a person to submit to a physical examination, that the Order may only be made for good cause shown, and that the benefits may be denied only if the person fails to comply with that Court Order.

74. Defendants violated 75 Pa.C.S.A. § 1796 in that:

a)   Defendants did not demonstrate "good cause" to a Court in order to secure a Court Order compelling Cheryl Ciccone's submission to a physical examination;

b)   Defendants did not demonstrate "good cause" to any court at all;

c)   Defendants did not petition a court at all to compel the physical examination of Cheryl Ciccone;

d)   There was no Court order based on good cause directing Plaintiff to submit to a   physical exam;

e)   There was no court order directing Plaintiff to submit to a physical exam at all;

f)   Plaintiffs did not fail to comply with any court order to submit to physical examination;

g)   There were no Court Orders selecting the physician by whom the exam was to be performed;

h)   There were no Court Orders setting the manner, conditions and scope of the exams;

i)   Defendants refused to pay medical benefits until and unless the illegal insurance physical exam was completed.

75. Defendants, through their conduct, actively and systematically violated 75 Pa.C.S.A. §1796 by improperly demanding that Plaintiff and members of the Insured Class attend medical exams with examiners selected by the Defendants premised upon purported policy requirements and then denying benefits for failure to attend or by denying benefits based upon an illegal medical exam.

76. As a result of Defendants' conduct, Plaintiff suffered harm in that she owes at least $3,484.04 for medical billing that Defendants refused to pay.

77. As a result of Defendants' conduct, other similarly situated individuals insured by Defendants suffered harm in that they owe money for medical billing that Defendants refused to pay.

78. As a result of Defendants' conduct, Plaintiff, individually and as class representative for all similarly situated individuals, suffered harm in that they were delayed in or denied access to medical care.

79. Defendants' conduct to unilaterally command physical exams of insureds based on policy terms, to not demonstrate good cause for physical exam to a court, and to refuse benefits even absent any lack of compliance with a court order is part of a systemic plan to avoid paying medical benefits to its insureds with the goal and purpose of reducing the amount that Defendants had to pay in benefits for their own gain and advantage.

80. Defendants' actions secured gain and advantage for Defendants through the savings which it realized by refusing to pay the medical billing of its insureds.

## COUNT IV

### CLAIMS FOR VIOLATIONS OF PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW 73 Pa.C.S. §201 et seq.

81. Plaintiff, Cheryl Ciccone, individually and on behalf of a Class of Similarly Situated Persons, repeats and re-alleges the allegations of the preceding paragraphs as if fully restated herein.

82. Defendants' conduct falls within the purview of the Pennsylvania Unfair Trade Practices and Consumer Protection Statute, 73 Pa.C.S. §201, et seq.

83. Defendants are a "person" within the meaning of the Statute, and as such, is prohibited from engaging in deceptive acts and practices.

84. Plaintiffs allege that the acts and omissions of Defendants, by their agents, servants, and/or employees, acting within the scope of their employment or authority, constitute violations of Pennsylvania's Unfair Trade Practices and Consumer Protection Law, codified at 73 Pa.C.S. §201 *et seq*.

85. Defendants employed unconscionable commercial practices and/or other unlawful acts in connection with the sale of motor vehicle insurance in violation of the Statute.

86. Defendants, by their agents, servants, and/or employees acting within the scope of their employment and/or authority, willfully and intentionally falsely stated to Plaintiff and Class members that Cheryl Ciccone and the other insureds were required to submit to physical exam at the unilateral direction of Defendants based on policy terms.

87. The conduct by Defendants constitutes unconscionable commercial practices and violations of Pennsylvania's Unfair Trade Practices and Consumer Protection Law, intending and securing Plaintiffs' reliance thereon.

88. Defendants, by their agents, servants, and/or employees acting within the scope of their employment and/or authority, acted willfully and intentionally in disregard for the injury and risk of loss inflicted upon Plaintiff and class members.

89. As a direct and proximate result of Defendants' actions, Plaintiffs and members of the Class have suffered injury in the form of harm and loss.

90. As a direct and proximate result of Defendants' prohibited acts and omissions under the UTPCPL, Insured Plaintiffs and Insured Class members have suffered ascertainable losses for which they may recover under the Act.

**RELIEF REQUESTED**

91. Plaintiff, Cheryl Ciccone, individually and on behalf of a Class of Similarly Situated Persons, repeats and re-alleges the allegations of the preceding paragraphs as if fully restated herein.

WHEREFORE, Plaintiff, Cheryl Ciccone, individually and on behalf of a Class of Similarly Situated Persons, respectfully request that this Court grant judgment in Plaintiff's favor:

A. Determining that this action is a proper class action, certifying the named Plaintiff as class representative for the classes alleged herein and Plaintiff's counsel as Class Counsel;

B. Awarding judgment as to Count I in favor of named Plaintiff and each Other Similarly Situated Individual that Defendants' conduct was a violation of Pennsylvania Motor Vehicle Financial Responsibility Law 75 P.A.C.S.A. §1796 and declaring that:

1)    Defendants must comply with Pennsylvania Motor Vehicle Financial Responsibility Law 75 P.A.C.S.A.;

2)    That whenever the mental or physical condition of an
      insured is material to any claim for medical benefits
      Defendants must Motion a Court of competent
      jurisdiction for an Order directing the insured to
      submit to a mental or physical examination;

3)    That any such motion must be for good cause shown;

4)    That only if a person fails to comply with an order by
      the Court to be examined, that the Court may order that
      the person be denied benefits until compliance.

5)    That Defendants be prohibited from enforcing, or
      attempting to enforce, any policy terms which state, or
      purport to authorize, Defendants to demand
      Plaintiff to attend a physical exam without having
      demonstrated good cause to a court and without having
      secured a Court Order compelling Plaintiff's attendance
      at a physical exam;

6)    That Defendants remove from all of its Pennsylvania
      automobile policies any policy terms which state, or
      purport to authorize, Defendants to demand
      Plaintiff to attend a physical exam without having
      demonstrated good cause to a court and without having
      secured a Court Order compelling Plaintiff's attendance
      at a physical exam;

7)    That Defendants notify all of its Pennsylvania
      automobile insureds that its policy terms which state,
      or purport to authorize, Defendants to demand
      Plaintiff to attend a physical exam without having
      demonstrated good cause to a court and without having
      secured a Court Order compelling Plaintiff's attendance
      at a physical exam are void and unlawful;

8.    That Defendants notify all of its Pennsylvania
      automobile insureds of the Pennsylvania Supreme Court's
      decision in *Sayles v. Allstate Ins. Co.*;

9.    That Defendants notify all of its Pennsylvania
      automobile insureds of Justice Baer's concurring
      opinion in *Sayles v. Allstate Ins. Co.*, specifically
      wherein he states that there is an "unsettling trend
      among automobile insurance companies to attempt to
      circumvent clear statutory language through contrary
      policy provisions" and that "the insurance industry
      should be more circumspect when it is tempted to
      'adjust' provisions of the MVFRL to its benefit

notwithstanding contrary statutory provisions.";

10. That Defendants notify all of its Pennsylvania automobile insureds that it attempted to, and in many cases actually did, circumvent clear statutory language by enforcing its IME policy provision in order to deny its own insureds the benefits for which they pay;

11. That Defendants notify all of its Pennsylvania automobile insureds that it gave into its temptation to unilaterally "adjust" the provisions of the Pennsylvania MVFRL, enacted to protect its insureds, by inserting into its policy the IME provision, designed solely to benefit itself at the expense of its insureds, and enforcing said provision against its insureds;

12. That Defendants notify all of its Pennsylvania automobile insureds that its IME policy provision violated Pennsylvania law and was false and deceiving;

13. That Defendants notify all of its Pennsylvania automobile insureds that it knew its IME policy provision violated the plain language of Pennsylvania law, but demanded its insureds submit to medical exams anyways.

14. That Defendants are legally liable for the damages caused by defendants' improper actions relative to medical exams of insureds in violation of law

15. Along with all other relief requested throughout the Complaint.

C. Awarding judgment as to Count II in favor of named

Plaintiff and against Defendants for:

1. $3,484.04 and other amounts which represent the sum of all medical bills the Defendants did not pay as to the named Plaintiff;

2. Interest at the rate of 12% on the outstanding billing;

3. Costs;

4. Attorneys fees.

5.   Along with all other relief requested throughout the Complaint.

D. Awarding judgment as to Count II in favor of each Other Similarly Situated Individual and against Defendants for:

1.   An amount which represents the sum of all medical bills the Defendants did not pay as to each member of the class;

2.   Interest at the rate of 12% on the outstanding billing;

3.   Costs;

4.   Attorneys fees.

5.   Along with all other relief requested throughout the Complaint.

E. Awarding judgment as to Count III in favor of named Plaintiff and against Defendants for:

1.   $3,484.04 and other amounts which represents the sum of all medical bills the Defendants did not pay as to the named Plaintiff;

2.   Interest at the rate of 12% on the outstanding billing;

3.   Attorneys fees;

4.   Along with all other relief requested throughout the Complaint.

F. Awarding judgment as to Count III in favor of each Other Similarly Situated Individual and against Defendants for:

1.   An amount which represents the sum of all medical bills the Defendant did not pay as to each member of the class;

2.   Interest at the rate of 12% on the outstanding

billing;

3.   Attorneys fees;

4.   Along with all other relief requested throughout the Complaint.

G. Awarding judgment as to Count IV in favor of named Plaintiff and against Defendants for:

1.   $3,484.04 and other amounts which represents the sum of all medical bills the Defendant did not pay as to the named Plaintiff

2.   Treble the amount of actual damages sustained pursuant to 73 P.S. § 201-9.2;

3.   Attorney fees, expert fees and costs;

4.   Along with all other relief requested throughout the Complaint.

H. Awarding judgment as to Count IV in favor of each Other Similarly Situated Individual and against Defendants for:

1. As to each Insured Class member, either the amount of actual damages sustained or the sum of $100, which ever is greater;

2. Treble damages against the defendant;

3. Attorney fees, expert fees and costs;

4. Along with all other relief requested throughout the Complaint.

I. Such other and further relief as the Court may deem just and proper.

J. All other relief requested throughout the Complaint.

Respectfully submitted,

LAW OFFICE OF KANNEBECKER & MINCER, LLC

BY: _____

Charles Kannebecker, Esq.
Derek B. Smith, Esq.
104 W. High St.
Milford, PA 18337

Attorneys for Plaintiff

IN THE COURT OF COMMON PLEAS
OF PIKE COUNTY, PENNSYLVANIA

CHERYL CICCONE, individually          :
and on behalf of all others           :
similarly situated,                   :
                                      :
        Plaintiffs,                   :          NO.: _538 - 2020
                                      :
        vs.                           :
                                      :
PROGRESSIVE SPECIALTY INSURANCE       :
COMPANY and PROGRESSIVE               :
INSURANCE COMPANY                     :
                                      :
        Defendants.                   :
::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

AFFIDAVIT OF SERVICE

        I, Christina Battipaglia hereby certify that pursuant to the

Pennsylvania Rules of Civil Procedure 403 and 404 et seq., a true

and correct copy of the above-referenced Complaint in Civil

Action was served upon defendant, Progressive Insurance Company,

6300 Wilson Mills Road, Cleveland, Ohio, 44143 by FED EX, receipt

attached and marked as Exhibit _"A"___, on the_20th_ day of_ May,

2020.

                              Christina Battipaglia
                              Christina Battipaglia

EXHIBIT "A"

**IMPORTANT!**
We are continuing to respond to the impact of COVID-19 around the world. See our latest updates. For COVID-19-related recipient closures, you can redirect packages, Ask FedEx, or contact the shipper.



813938552446

☆ 📋 ⑦

# Delivered
# Wednesday 5/20/2020 at 9:29 am



**DELIVERED**

Signed for by: C.SALYAN



**GET STATUS UPDATES**

**OBTAIN PROOF OF DELIVERY**

| FROM | TO |
|---|---|
| W K & L<br>CHRISTINA BATTIPOGLIA<br>104 W HIGH ST<br>MILFORD, PA US 183371618<br>570 296-6471 | PROGRESSIVE INSURANCE CONPANY<br>6300 WILSON MILLS RD<br>CLEVELAND, OH US 44143 |

## Shipment Facts

| | | |
|---|---|---|
| **TRACKING NUMBER**<br>813938552446 | **SERVICE**<br>FedEx Priority Overnight | **SIGNATURE SERVICES**<br>Direct signature required |
| **DELIVERY ATTEMPTS**<br>1 | **DELIVERED TO**<br>Shipping/Receiving | **TOTAL PIECES**<br>1 |
| **TERMS**<br>Shipper | **SHIPPER REFERENCE**<br>CICCONE | **PACKAGING**<br>FedEx Envelope |
| **SPECIAL HANDLING SECTION**<br>Deliver Weekday, Direct Signature<br>Required | **STANDARD TRANSIT**<br>⑦<br>5/20/2020 by 10:30 am | **SHIP DATE**<br>⑦<br>Tue 5/19/2020 |
| **ACTUAL DELIVERY**<br>Wed 5/20/2020 9:29 am | | |

Travel History

5/20/2020                                    Track your package or shipment with FedEx Tracking

Travel History

Local Scan Time    ⌄

Wednesday , 5/20/2020

| Time | Location | Status |
|------|----------|--------|
| 9 29 am | OH | Delivered |
| 8.06 am | BEDFORD HEIGHTS, OH | On FedEx vehicle for delivery |
| 7:59 am | BEDFORD HEIGHTS, OH | At local FedEx facility |
| 6 41 am | CLEVELAND, OH | At destination sort facility |
| 4 09 am | MEMPHIS, TN | Departed FedEx location |

Tuesday , 5/19/2020

| Time | Location | Status |
|------|----------|--------|
| 10:44 pm | MEMPHIS, TN | Arrived at FedEx location |
| 7:30 pm | PITTSTON, PA | Left FedEx origin facility |
| 12 08 pm | PITTSTON, PA | Picked up |

IN THE COURT OF COMMON PLEAS
OF PIKE COUNTY, PENNSYLVANIA

CHERYL CICCONE, individually   :
and on behalf of all others   :
similarly situated,   :
  :
    Plaintiffs,   :    NO.: 538 - 2020
  :
    vs.   :
  :
PROGRESSIVE SPECIALTY INSURANCE   :
COMPANY and PROGRESSIVE   :
INSURANCE COMPANY   :
  :
    Defendants.   :
  :
:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

AFFIDAVIT OF SERVICE

I, Christina Battipaglia hereby certify that pursuant to the
Pennsylvania Rules of Civil Procedure 403 and 404 et seq., a true
and correct copy of the above-referenced Complaint in Civil
Action was served upon defendant, Progressive Specialty Insurance
Company, 6300 Wilson Mills Road, Cleveland, Ohio, 44143 by FED
EX, receipt attached and marked as Exhibit "A"___, on the_20th_
day of_May, 2020.

_Christina Battipaglia_
Christina Battipaglia

EXHIBIT "A"

**IMPORTANT!**
We are continuing to respond to the impact of COVID-19 around the world. See our latest updates. For COVID-19-related recipient closures, you can redirect packages, Ask FedEx, or contact the shipper.



813938552354 ✎                                                ☆ ⧉ ⊙

# Delivered
## Wednesday 5/20/2020 at 9:29 am



**DELIVERED**
Signed for by: C.SALYAN



GET STATUS UPDATES
OBTAIN PROOF OF DELIVERY

FROM | TO
--- | ---
W K & L<br>CHRISTINA BATTIPAGLIA<br>104 W HIGH ST<br>MILFORD, PA US 183371618<br>570 296-6471 | PROGRESSIVE SPECIALTY<br>6300 WILSON MILLS ROAD<br>CLEVELAND, OH US 44143

## Shipment Facts

| TRACKING NUMBER<br>813938552354 | SERVICE<br>FedEx Priority Overnight | SIGNATURE SERVICES<br>Direct signature required |
| --- | --- | --- |
| DELIVERY ATTEMPTS<br>1 | DELIVERED TO<br>Shipping/Receiving | TOTAL PIECES<br>1 |
| TERMS<br>Shipper | SHIPPER REFERENCE<br>CR | PACKAGING<br>FedEx Envelope |
| SPECIAL HANDLING SECTION<br>Deliver Weekday, Direct Signature Required | STANDARD TRANSIT<br>⑦<br>5/20/2020 by 10 30 am | SHIP DATE<br>⑦<br>Tue 5/19/2020 |

ACTUAL DELIVERY
Wed 5/20/2020 9:29 am

Track your package or shipment with FedEx Tracking

Travel History

Local Scan Time ⌄

**Wednesday, 5/20/2020**

| | | |
|---|---|---|
| 9:29 am | OH | Delivered |
| 8:05 am | BEDFORD HEIGHTS, OH | On FedEx vehicle for delivery |
| 7:59 am | BEDFORD HEIGHTS, OH | At local FedEx facility |
| 6:41 am | CLEVELAND, OH | At destination sort facility |
| 4:09 am | MEMPHIS, TN | Departed FedEx location |

**Tuesday, 5/19/2020**

| | | |
|---|---|---|
| 10:44 pm | MEMPHIS, TN | Arrived at FedEx location |
| 7:30 pm | PITTSTON, PA | Left FedEx origin facility |
| 12:08 pm | PITTSTON, PA | Picked up |